IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

KENNETH HILL,                              }
TDCJ-CID NO. 632292,                       }
        Plaintiff,                 }
v.                                         }          CIVIL ACTION NO. G-04-0647
                                           }
JAMES B. THOMAS,                           }
        Defendant.                 }

OPINION ON DISMISSAL

       Kenneth Hill, a state inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages and declaratory and injunctive relief from defendant James B. Thomas on grounds that Thomas wrote retaliatory disciplinary cases against plaintiff.  (Docket Entry No.1).  Defendant Thomas has filed a motion for summary judgment (Docket Entry No.21); plaintiff has not filed a response to the motion.  For the reasons to follow, the Court will grant Thomas's motion for summary judgment and dismiss the complaint with prejudice.

I. CLAIMS

       In his complaint and amended complaint (Docket Entries No.1, No.24), plaintiff complains of the following disciplinary actions, which he claims defendant Thomas initiated in retaliation for plaintiff filing grievances against Thomas:

       On May 6, 2003, Thomas charged plaintiff with failing to turn out for work in disciplinary case number 20030241382.  (Docket Entry No.21, Exhibit B-1, page 31).  Plaintiff was convicted of the disciplinary violation.  (*Id.*).  Plaintiff grieved the conviction, alleging that Thomas had falsely testified at the hearing that he was unaware that plaintiff had returned to his

1

cell and that plaintiff had done so without consent.  (*Id.*, Exhibit A-2, pages 31-32).  Plaintiff also alleged in the grievance that Officer Marquez Miguel would provide a written statement that a field officer told him to take plaintiff off count because plaintiff was being sent back in.  (*Id.*, page 31).  TDCJ-CID officials expunged the conviction.  (*Id.*).

Plaintiff filed another set of grievances complaining that Thomas and his supervisor compelled him to wear unsanitary boots.  (*Id.*, Exhibit A-2, pages 31-34).  The grievances were denied.  Plaintiff claims he continued to complain verbally to the unit building major and captain that Thomas and his supervisor were harassing black offenders who worked in the fields.  (Docket Entry No.24).  Between May 2003 and August 2003, plaintiff did not interact with Thomas because he was assigned to another field officer or a different job.  (*Id.*).

On September 29, 2003, Officer Jones ordered plaintiff to return to his cell because plaintiff did not have his photo identification.  (Docket Entry No.1).  Although plaintiff was ordered to return to his cell, Thomas charged plaintiff for failing to turn out for his assigned work squad in disciplinary case number 20040036147.  (Docket Entries No.1, No.24).  Plaintiff was found not guilty of the offense.  (Docket Entry No.21, Exhibit B-2, page 33).  Plaintiff grieved that Thomas filed the disciplinary report in retaliation for plaintiff filing the grievances, which led to the expunction of disciplinary conviction number 20030241382.  (*Id.*, Exhibit A-1, page 25).  Plaintiff's grievances were denied for insufficient evidence to support a retaliation claim.  (*Id.*, page 24).  Plaintiff claims that shortly after he filed the grievances, Thomas told him, "You ain't seen retaliation yet!"  (Docket Entries No.1, No.24).

On October 24, 2003, Thomas and a field officer threatened and harassed plaintiff.  (*Id.*).  On October 27, 2003, plaintiff complained about the harassment in a Step 1

grievance.[1]   (Docket Entry No.21, Exhibit B-2, page 31).   Among other allegations, plaintiff

claimed that Thomas told him that the next disciplinary charge that Thomas filed against plaintiff

would be a major one and that plaintiff would be found guilty.   (*Id.*).   On October 29, 2003,

Thomas charged plaintiff with failing to complete a reasonable amount of work in disciplinary

report number 20040069616.   Plaintiff was found guilty of the violation.   (Docket Entry No.21,

Exhibit B-2, page 17).   Plaintiff grieved that the evidence was insufficient to support the guilty

verdict and that Thomas had written the case in retaliation for the October 6th and 27th

grievances that plaintiff had filed against Thomas.   (*Id.*, Exhibit A-1, page 9).   Warden Weston

found no due process violations and no evidence of retaliation.   (*Id.*, page 10).   Weston noted

that Thomas "stated he had responded to at least one grievance in the week prior to this

disciplinary case."   (*Id.*).   Plaintiff's Step 2 grievance was rejected on the same grounds.   (*Id.*,

page 8).

Plaintiff also filed a grievance specifically complaining that Thomas filed a false

disciplinary offense report alleging the plaintiff had not cut enough grass in retaliation for the

October 27th grievance that he filed regarding Thomas's threat and harassment.   (Docket Entry

No.21, Exhibit A-1, page 13).   Warden Weston indicated in response that plaintiff's allegation of

retaliation could not be substantiated.   (*Id.*, page 14).   Plaintiff's Step 2 Grievance was also

denied.   (*Id.*, page 16).

---

[1] In the Step 1 Grievance, plaintiff maintained that he, Sgt. Jennings and Officer Thomas were discussing an official
pass that plaintiff presented to work in the law library.  (Docket Entry No.21, Exhibit B-2, page 31).   Plaintiff
claimed that after some discussion about offenders placing meal and identification cards in a bag, plaintiff
commented that Thomas never told him about the bag; thereafter, Thomas took plaintiff's identification holder and
meal card and threw them to the ground in a puddle of muddy water.  Plaintiff claimed that Thomas threatened, "I
already talked to the major (Seale) and he said that he was going to be sure that the next case (disciplinary) that he
Thomas [sic] writes on grievant will be a major case and I will be found guilty."  (*Id.*).   A TDCJ official indicated in
response that no evidence was found to substantiate plaintiff's claim.  (*Id.*, page 32).

In the pending complaint, plaintiff alleges that defendant Thomas charged him with the disciplinary violation for failing to turn out to work on September 29, 2003, in retaliation for plaintiff grieving the later-expunged disciplinary conviction on May 6, 2003. Plaintiff further alleges that Thomas charged him on October 29, 2003 for failing to complete a reasonable amount of work in retaliation for plaintiff filing grievances against Thomas on October 6 and 27, 2003. (Docket Entries No.1, No.24).

Defendant Thomas moves for summary judgment on the following grounds:

1. Plaintiff's claims for compensatory damages for emotional or mental suffering are barred pursuant to 42 U.S.C. § 1997e(e) because plaintiff has not suffered a physical injury from the alleged retaliatory acts;

2. Plaintiff's complaint that the evidence was insufficient to support his disciplinary conviction for failing to complete a reasonable amount of work is barred by *Heck v. Humphrey*;

3. Plaintiff has failed to state a claim of retaliation against defendant Thomas;

4. Plaintiff has failed to state a claim of verbal harassment against defendant Thomas;

5. Plaintiff fails to overcome defendant Thomas's entitlement to qualified immunity;

6. Plaintiff is not entitled to the damages he seeks; and

7. Plaintiff has not overcome defendant's entitlement to Eleventh Amendment immunity.

(Docket Entry No.21).

## II. STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is

entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

## III. DISCUSSION

The Civil Rights Act of 1866 creates a private right of action for redressing the violation of federal law by those acting under color of state law.  42 U.S.C. § 1983; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984).  Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights conferred elsewhere.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  To prevail on a section 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  *Blessing v. Freestone*, 520 U.S. 329, 340 (1997).  A section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).  Thus for plaintiff to recover, he must show that the defendants deprived him a right guaranteed by the Constitution or the laws of the United States.  *See Daniels v. Williams*, 474 U.S. 327, 329-31 (1986).

5

A. Claims for Monetary Damages

1. Official Capacity

Defendant Thomas moves for summary judgment on plaintiff's claims against him in his official capacity on grounds that he is immune from such relief under the Eleventh Amendment.  (Docket Entry No.21).  The Eleventh Amendment bars a suit in federal court by a citizen of a state against his own state or against a state agency or department.  *Hughes v. Savell*, 902 F.2d 376, 377-78 (5th Cir. 1990).  Eleventh Amendment immunity has a jurisdictional effect; it deprives a federal court of jurisdiction to hear a suit against a state.  *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 342 (5th Cir. 1996).  This immunity extends to suits for monetary damages against state officials in their official capacity.  *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 609 n. 10 (2001) (holding "[o]nly States and state officers acting in their official capacity are immune from suits for damages in federal court").

Because plaintiff's claims for monetary damages against Thomas in his official capacity as an employee of the State of Texas are barred by the Eleventh Amendment*; see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (suit not against official but state office); *Oliver v. Scott*, 276 F.3d 736, 742, 742 n. 5 (5th Cir. 2002); the Court lacks jurisdiction to consider such claims.  Accordingly, plaintiff's claims for monetary damages against Thomas in his official capacity are subject to dismissal.

6

2. <u>Individual Capacity</u>

a. <u>Compensatory</u>

Defendant Thomas moves for summary judgment on plaintiff's claims against him in his individual capacity on the ground that plaintiff has not suffered a compensable physical injury and therefore, cannot recover monetary damages on any emotional or mental injury from any alleged constitutional violation. (Docket Entry No.21). "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (holding that "[s]ection 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury"). Plaintiff has alleged no physical injury as a result of any retaliatory act; therefore, to the extent that plaintiff seeks compensatory damages from defendant Thomas for any emotional or mental injury that he has suffered from the allegedly retaliatory acts, such relief will be denied pursuant to 42 U.S.C. § 1997e(e).

b. <u>Punitive Damages</u>

Plaintiff also seeks punitive damages. (Docket Entry No.1). To warrant punitive damages, plaintiff must allege facts showing that defendant's conduct was egregious or reprehensible. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003). Punitive damages may be awarded in § 1983 cases when the defendant's conduct "is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. . . . The latter standard requires recklessness in its subjective form, *i.e.*, a subjective consciousness of a

risk of injury or illegality and a criminal indifference to civil obligations." *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003).

Defendant Thomas contends that he is entitled to qualified immunity on plaintiff's retaliation claims; therefore, plaintiff cannot recover punitive damages on such claims. (Docket Entry No.21).

Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "Whether a defendant asserting qualified immunity may be personally liable turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1272 (5th Cir. 1992).

"The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the allegations establish a constitutional violation, the court next considers whether the defendants' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope*, 536 U.S. at 739 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002). Even so, on summary judgment, the court must look to the evidence before

it in the light most favorable to the plaintiff when conducting a qualified immunity inquiry.  *Id.* at 323.

Claims of retaliation generally flow from protections provided by the First Amendment.  A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998), or for complaining through proper channels about a guard's misconduct.  *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (citing *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995)).  Claims of retaliation from prison inmates, however, are regarded with skepticism, lest federal courts embroil themselves in every adverse act that occurs in penal institutions.  *Woods,* 60 F.3d at 1166.  To prevail on a claim of retaliation a prisoner must establish the following elements: (1) the violation of a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation.  *Morris*, 449 F.3d at 684; *Jones v. Greninger,* 188 F.3d 322, 324-25 (5th Cir. 1999).  If an inmate is unable to point to a specific constitutional right that has been violated, then the claim will fail as a matter of law. *Tighe v. Wall,* 100 F.3d 41, 43 (5th Cir. 1996) (dismissing an inmate's claim for failure to demonstrate the violation of a constitutional right); *Woods,* 60 F.3d at 1166 (observing that, "[t]o state a claim, the inmate must allege the violation of a specific constitutional right").  Further, the inmate must allege more than his personal belief that he is the victim of retaliation.  *Jones,* 188 F.3d at  325; *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997).  To demonstrate the requisite retaliatory intent on the defendant's part, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred.  *Woods,* 60 F.3d at 1166.  Regarding the element of causation, a successful claim of retaliation

requires a showing that "but for" some retaliatory motive, the complained of adverse action would not have occurred. *Johnson,* 110 F.3d at 310; *Woods,* 60 F.3d at 1166. In addition, the complained-of adverse action must be more than *de minimis* to support a claim of retaliation in the prison context. *Morris,* 449 F.3d at 684-85; *see also Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003) (holding that disciplinary sanctions in the form of twenty-seven days of commissary and cell restrictions did not qualify as *de minimis* for purposes of a retaliation claim). The purpose of allowing inmate retaliation claims under 42 U.S.C. § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. *Morris*, 449 F.3d at 686 (citing *Crawford-El v. Britton,* 523 U.S. 574, 588 n. 10 (1998)). Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris,* 449 F.3d at 686. *De minimis* acts that would not deter an ordinary person from further exercise of his rights do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.*

Plaintiff alleges that Thomas filed the September 29th disciplinary case for failing to turn out to work in retaliation for plaintiff filing a grievance which led to the expunction of the May 6th disciplinary conviction. Plaintiff, however, fails to show that "but for" the grievance, Thomas would not have charged him with a disciplinary violation for failing to turn out for work on September 29th. Plaintiff states no facts to connect the grievance giving rise to the expunction of the disciplinary conviction, the expunction of the May 6th disciplinary conviction, and Thomas's alleged misconduct. Moreover, plaintiff has not shown that he suffered any adverse consequences as a result of Thomas's allegedly retaliatory act. Plaintiff was found not guilty of the September 29th disciplinary charge.

Plaintiff also alleges that Thomas falsely charged him with failing to complete a reasonable amount of work on October 29th in retaliation for the grievances plaintiff filed on October 6th and October 27th.  Plaintiff complains that he was found guilty of the October 29th disciplinary violation in spite of having six witnesses who stated that he had completed a reasonable amount of work.  (Docket Entry No.24).  As a result of the October 29th conviction, plaintiff was disciplined with thirty days of cell restriction, forty-five days of restricted commissary privileges, and forty-five days forfeiture of good conduct time.  (Docket Entry No.21, Exhibit B-2, page 17).  Such punishment constitutes an adverse act.  *See Hart,* 343 F.3d at 764.

Plaintiff, however, fails to show that Thomas's allegation that he did not complete a reasonable amount of work is false.  Although not conclusive, the existence of a legitimate prison disciplinary report is "probative and potent summary judgment evidence."  *Woods*, 60 F.3d at 1166.  Moreover, plaintiff is barred from seeking monetary or equitable relief via a § 1983 complaint challenging the validity of the October 29th disciplinary conviction without a showing that the disciplinary conviction has been expunged, reversed, or otherwise set aside. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641, 648 (1997); *Clarke v. Stalder,* 154 F.3d 186, 189 (5th Cir. 1998) (en banc).  Plaintiff does not indicate that such conviction has been expunged or invalidated; accordingly, to the extent that plaintiff challenges the validity of the disciplinary conviction, such claim is subject to dismissal.

Plaintiff's claim that Thomas told him on October 24th that the next offense report would be major and that he would be found guilty is insufficient to show that but for the grievances plaintiff filed on October 6th and 27th, plaintiff would not have received a

disciplinary charge on October 29th for failing to complete a reasonable amount of work.  The mere fact that one incident precedes another is not proof of a causal connection.  *See Tampa Times Co. v. National Labor Relations Board,* 193 F.2d 582, 583 (5th Cir. 1952).  Likewise, the temporal proximity between plaintiff's grievance on October 27th and the disciplinary charge on October 29th is insufficient to establish an improper retaliatory motive.  *See Reeves v. Wood*, 206 Fed. Appx. 368, 369 (5th Cir. 2006).  Prison officials must be given wide deference in the management of inmates, as "[t]he prospect of endless claims of retaliation . . . would disrupt prison officials in the discharge of their most basic duties."  *Id*.  When, as here, the disciplinary report is substantiated, an inmate cannot defeat summary judgment simply by pointing to an earlier grievance, as inmates must not be able to insulate themselves from disciplinary action by filing grievances against prison officials.  *Id.*  Moreover, allegations of threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.  *Bender v. Brumley*, 1 F.3d 271, 274 n. 3 (5th Cir. 1993).

Even if the Court were to find that plaintiff's factual allegations gave rise to an inference that Thomas's disciplinary charges were retaliatory, plaintiff has stated no facts to show that Thomas's alleged conduct was egregious or reprehensible, or motivated by evil intent.  Therefore, plaintiff fails to show any entitlement to punitive damages.

## B. Request for Equitable Relief

Plaintiff also seeks declaratory and injunctive relief.  (Docket Entries No.1, No.24).  A plaintiff may seek prospective injunctive relief or declaratory relief against a state official under the exception to Eleventh Amendment immunity pursuant to *Ex parte Young* and its progeny.  209 U.S. 123 (1908); *Green v. Mansour*, 474 U.S. 64, 68 (1985); *Edelman v.*

*Jordan*, 415 U.S. 651, 666-68 (1974).  "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"  *Verizon Maryland, Inc. v. Public Serv. Com'n of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d/Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)).

Likewise, a plaintiff may seek equitable relief without a showing of a compensatory physical injury under 42 U.S.C. § 1997e(e).  *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).  To be entitled to a declaratory judgment under federal law, a plaintiff must show that there is an actual case or controversy under Article III of the Constitution.  *See Bauer v. Texas*, 341 F.3d 352, 357-58 (5th Cir. 2003).

Liberally construing plaintiff's pleadings, the Court finds that plaintiff seeks a declaration of Thomas's past behavior and an injunction against future retaliation.  (Docket Entries No.1, No.24).  Plaintiff, however, states no facts to show that he suffers an ongoing injury as a result of Thomas's conduct and no facts to show that he faces any threat of future injury from Thomas.  Without evidence of an ongoing injury to plaintiff and an imminent or likely threat of future injury, plaintiff fails to show the existence of a live case or controversy for this Court to resolve.  *See, e.g., City of Lost Angeles v. Lyons*, 461 U.S. 95, 103-04 (1983).  Accordingly, plaintiff's claims for equitable relief are subject to dismissal.

## IV. <u>CONCLUSION</u>

Based on the forgoing, the Court ENTERS the following ORDERS:

1.  Defendant James B. Thomas's motion for summary judgment (Docket Entry No.21) is GRANTED.

2.  Plaintiff's complaint is DISMISSED WITH PREJUDICE.

3.   All pending motions, if any, are DENIED.

It is so ORDERED.

SIGNED at Houston, Texas, this 31st day of March, 2008.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE